JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | **2:26-cv-00375-HDV-SK** | Date | July 16, 2026 |
|---|---|---|---|
| Title | ***Ana McCarthy v. United States of America et al.*** | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER DISMISSING ACTION FOR LACK OF
FEDERAL JURISDICTION**


Pro se Plaintiff Ana McCarthy filed the instant action challenging a state court authorized foreclosure of her Illinois home that occurred over fifteen years ago.  First Amended Complaint ("Complaint") [Dkt. 28] at 2.  According to Plaintiff, an Illinois state court entered a judgment of foreclosure, authorizing the sale of the property to the Department of Veterans Affairs.  *Id.* at 3. Plaintiff seeks injunctive relief essentially unwinding the sale and "restoring Plaintiff's asserted title and possessory interests" to the property. *Id.* at 81.  Despite numerous filings, including two unsuccessful requests for injunctive relief, Plaintiff has not established that federal jurisdiction and venue for her claims lie with the Court.

The Court noted in January 2026 that Plaintiff's initial complaint did not state any ground for jurisdiction in California.  [Dkt. 7.]  In April 2026, Plaintiff filed an Application for Temporary Restraining Order [Dkt. 18].  The Court denied the Application because it failed to meet the standard for injunctive relief under the *Winter* factors.[1]  [Dkt. 27].  Plaintiff filed a First Amended Complaint ("Complaint") on May 25, 2026, followed by a renewed motion for injunctive relief on May 30, 2026. [Dkts. 28, 29].  Denying the renewed motion for injunctive

---

[1] *Winter v. Nat. Res. Def. Council, Inc.*, 55 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

---

JS-6

relief, the Court found that Plaintiff presented no new issues of fact or law.  [Dkt. 32].  Further, the Court ordered Plaintiff to show cause in writing why this case should not be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine and/or improper venue.  *Id.*  On July 2, 2026, Plaintiff filed a Consolidated Response and Supplement to Order to Show Cause ("Response").  [Dkt. 41].

The Response does not cure the action's defects.  The Court lacks jurisdiction over the Complaint because its claims are barred by the *Rooker-Feldman* doctrine.  The *Rooker–Feldman* doctrine "precludes federal adjudication of a claim that amounts to nothing more than an impermissible collateral attack on prior state court decisions.  The doctrine also precludes constitutional claims that are inextricably intertwined with the forbidden appeal." *Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Cir.*, 453 F.3d 1160, 1165 (9th Cir. 2006) (citation omitted).  Plaintiff's allegations and requested relief all center on a foreclosure sale of Plaintiff's home authorized by a state court judgment.  The Complaint falls squarely within the four corners of *Rooker-Feldman*.  And the Response fails to prove otherwise.  In addition, the Response does not provide any new information that would make venue proper in the Central District of California.

The action is dismissed in its entirety, with prejudice, for lack of federal jurisdiction.

**IT IS SO ORDERED.**